ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **JOSÉ J. RIVERA LÓPEZ y OTROS**<br><br>Peticionarios<br><br>v.<br><br>**BANCO POPULAR DE PUERTO RICO; MAPFRE PRAICO INSURANCE COMPANY**<br><br>Recurridos | TA2026CE00225 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **K AC2013-0401**<br><br>Sobre: Nulidad de Contrato |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparecen ante nos el señor José J. Rivera López, la señora Yolanda Rivera Ortiz y la Sociedad Legal de Bienes Gananciales compuesta por ambos (matrimonio Rivera-Rivera o parte peticionaria), mediante el presente recurso de *certiorari*, y nos solicitan que revoquemos la *Resolución* emitida el 12 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1]

En el aludido dictamen, el TPI impuso, en lo aquí atinente, una sanción económica a la representación legal de la parte peticionaria, ordenó la eliminación de ciertas alegaciones expuestas en la *Demanda Enmendada* instada por esta y dio por admitidos requerimientos de admisión e interrogatorios.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA, Entrada Núm. 1, *Apéndice, Anejo I*. Notificada el 14 de noviembre de 2025.

Por los fundamentos expuestos a continuación, denegamos expedir el auto de *certiorari.*

**I.**

El caso de autos tuvo su génesis el 30 de mayo de 2013 cuando la parte peticionaria interpuso una *Demanda* contra el Banco Popular de Puerto Rico (BPPR), MAPFRE PRAICO Insurance Company (MAPFRE) y DLJ Mortgage Capital Inc., quien fue sustituida, posteriormente, por MCLP Asset Company, Inc. (MCLP) (en conjunto, parte recurrida), sobre daños y perjuicios, así como nulidad de contrato por vicio en el consentimiento.[2] Esencialmente, solicitó la nulidad de la escritura de modificación de hipoteca suscrita, pues adujo que fue inducida a error.

Tras múltiples incidentes procesales, el 14 de julio de 2025, el TPI emitió una *Orden* mediante la cual dispuso de varias controversias suscitadas respecto al proceso de descubrimiento de prueba en el presente caso.[3] En esencia, ordenó al matrimonio Rivera-Rivera a que contestara sendos interrogatorios y requerimientos de admisiones, cursados por BPPR y MAPFRE el 1 de noviembre de 2021, dentro del término de veinte (20) días, vencedero el 4 de agosto de 2025. Asimismo, en igual fecha, emitió y notificó una *Orden* en la que señaló una vista sobre el estado de los procedimientos para el 2 de septiembre de 2025.[4]

Así las cosas, el 29 de agosto de 2025, BPPR presentó una *Moción en Solicitud de Sanciones por Incumplimiento de los Demandantes con la Orden de 14 de julio de 2025.*[5] En síntesis, adujo que la parte peticionaria incumplió con la orden del TPI de

---

[2] *Íd., Anejo Documento Principal.* Cabe destacar que, el 27 de enero de 2017, la parte peticionaria incoó una *Demanda Enmendada* en contra de la parte recurrida.
[3] *Íd.,* Entrada Núm. 7, *Apéndice*, págs. 18-23. Notificada el 15 de julio de 2023.
[4] *Íd.,* págs. 24-25.
[5] *Íd.,* Entrada Núm. 1, *Apéndice, Anejo IV.*

contestar adecuadamente, dentro del término establecido, los mecanismos de descubrimiento de prueba.

En ese sentido, solicitó la imposición de cualquiera de las siguientes sanciones: (a) la desestimación de la demanda en cuanto a BPPR; (b) la eliminación de las alegaciones hechas en contra de BPPR y, consecuentemente, la desestimación de la demanda; (c) que le prohibiera al matrimonio Rivera-Rivera oponerse a las alegaciones responsivas y las defensas afirmativas hechas por BPPR; (d) que encontrara a la parte peticionaria incursa en desacato; (e) o que impusiera sanciones económicas.

El 5 de septiembre de 2025, el foro *a quo* emitió una *Orden Para Mostrar Causa* en la que concedió un término de cinco (5) días para que el representante legal de la parte peticionaria mostrara causa por su incomparecencia a la vista que se señaló para el 2 de septiembre de 2025.[6] Asimismo, señaló la vista para mostrar causa para el 30 de septiembre de 2025.

Así pues, el 8 de septiembre de 2025, el matrimonio Rivera-Rivera presentó un *Escrito al Expediente Judicial* mediante el cual su representante legal adujo que, tras un inconveniente médico, no pudo comparecer a la vista señalada para el 2 de septiembre de 2025.[7] No obstante, señaló que intentó comunicarse telefónicamente con la secretaria jurídica de la Jueza Superior que atiende el caso, por lo que envió un correo electrónico a esta primera.

Posteriormente, el 18 de septiembre de 2025, el foro primario emitió una *Orden* respecto al escrito presentado por la parte peticionaria.[8] Allí, señaló que las solicitudes debían presentarse oportunamente, mediante moción, así como que apercibió que una

---

[6] *Íd.,* Entrada Núm. 7, *Apéndice,* págs. 26-27. Notificada el 10 de septiembre de 2025.

[7] *Íd.,* Entrada Núm. 1, *Apéndice, Anejo VII.*

[8] *Íd.,* Entrada Núm. 7, *Apéndice,* págs. 30-32. Notificada el 19 de septiembre de 2025.

incomparecencia injustificada acarrearía la imposición de sanciones.

EL 30 de septiembre de 2025, tras la celebración de una vista, BPPR presentó una *Moción Informativa* en la que notificó al TPI que, tras la solicitud del matrimonio Rivera-Rivera, hecha durante la vista, de que le fueran cursados nuevamente los mecanismos de descubrimiento de prueba, reenvió los mismos.[9] Asimismo, hizo referencia a que el foro primario concedió hasta el 15 de octubre de 2025 para que la parte peticionaria presentara sus contestaciones suplementarias.

Así las cosas, el 17 de octubre de 2025, BPPR interpuso un escrito intitulado *Moción para Reiterar la Solicitud de Sanciones Debido a que los Demandantes Volvieron a Incumplir con la Orden del 14 de Julio de 2025*.[10] Allí, indicó que el matrimonio Rivera-Rivera no cursó las contestaciones suplementarias dentro del término establecido por el foro de instancia. Consecuentemente, reiteró que fueran impuestas las sanciones correspondientes. En torno a ello, el 23 de octubre de 2025, el TPI emitió y notificó una *Orden* mediante la cual dispuso un término para que el matrimonio Rivera-Rivera se expresara.[11]

Así pues, el 29 de octubre de 2025, la parte peticionaria interpuso una *Moción en Cumplimiento de Orden y Oposición*.[12] En síntesis, adujo que la eliminación de alegaciones, la desestimación y la determinación de desacato, constituían sanciones improcedentes. De igual forma, planteó que lo que procedía era que el TPI prohibiera la presentación de la prueba requerida, sobre la cual reiteró que no poseía ni estaba disponible.

---

[9] *Íd.*, págs. 33-35.
[10] *Íd.*, págs. 36-45.
[11] *Íd.*, págs. 46-47.
[12] *Íd.*, págs. 48-49.

El 31 de octubre de 2025, BPPR presentó un escrito intitulado *Réplica de Banco Popular de Puerto Rico a la "Moción en Cumplimiento de Orden y Oposición"*, mediante el cual reiteró su planteamiento en cuanto al incumplimiento del matrimonio Rivera-Rivera.[13]

Surge del expediente que, el 3 de noviembre de 2025, la parte peticionaria envió al TPI, mediante correo electrónico, una *Solicitud Urgentísima de Transferencia de Vista*, cuyo matasello de la Secretaría del TPI es del 5 de noviembre de 2025.[14] En la que la representación legal de ésta solicitó que la vista señalada para ese día fuera pospuesta toda vez que, el 31 de octubre de 2025, advino en conocimiento de que a su esposa le realizarían un examen médico ese día por motivo de una intervención quirúrgica a la cual sería sometida posteriormente. Asimismo, adujo que notificó de ello a las representaciones legales de las demás partes, quienes, según sostuvo, no tenían reparo en que la vista fuera pospuesta para otra fecha. Así pues, solicitó que la vista fuera señalada para el 14 o el 28 de enero de 2026.

Ante ello, el 4 de noviembre de 2025, el foro de instancia cursó a las partes un correo electrónico mediante el cual adelantó una orden que emitiría mediante la cual declararía No Ha Lugar la solicitud de transferencia y dispuso que la representación legal del matrimonio Rivera-Rivera debía coordinar para su sustitución.[15]

Así las cosas, el 12 de noviembre de 2025, el foro *a quo* emitió la *Resolución* recurrida, mediante la cual declaró con lugar la solicitud de sanciones interpuesta por BPPR el 14 de julio de 2025.[16] Asimismo, señaló que la parte peticionaria no compareció a la vista

---

[13] *Íd.*, págs. 50-52.
[14] *Íd.*, Entrada Núm. 1, *Apéndice, Anejo V.*
[15] *Íd.*, Entrada Núm. 7, *Apéndice*, pág. 53.
[16] *Íd.*, Entrada Núm. 1, *Apéndice, Anejo I.* Notificada el 14 de noviembre de 2025.

del 5 de noviembre de 2025 e impuso una sanción económica de $500.00 a la representación legal de esta.

De igual forma, dado el incumplimiento sobre el descubrimiento de prueba, ordenó la eliminación de sendas alegaciones expuestas en la *Demanda Enmendada,* dio por admitidos sendos requerimientos de admisiones cursados por BPPR y MAPFRE, así como las materias comprendidas en los interrogatorios cursados a la parte peticionaria. En adición, reiteró un dictamen previo mediante el cual ordenó a la parte peticionaria al pago de unas mensualidades y, a esos efectos, ordenó la consignación de una suma de $28,344.00.[17]

Finalmente, ordenó el pago de honorarios de abogado a favor de BPPR y MAPFRE sobre los trámites judiciales desde la presentación de mociones el 24 de febrero de 2022 sobre las controversias sobre el descubrimiento de prueba hasta el presente, así como que apercibió que el incumplimiento del dictamen emitido acarreará la desestimación de la *Demanda Enmendada.*

Inconforme, el 21 de noviembre de 2025, la parte peticionaria presentó una *Solicitud de Reconsideración.*[18] En síntesis, el representante legal esgrimió que anunció su incomparecencia a la vista del 4 de noviembre de 2025 y que, por resultar de unas citas médicas de la esposa del abogado, la misma era justificada. Especificó que, el 4 del mismo mes y año, envió copia de la moción en la que explicó las gestiones médicas antedichas a la secretaria de la Jueza Superior, lo cual señaló que el foro primario no consideró.

Igualmente, indicó que practicaba la abogacía solo, de modo que no contaba con algún representante legal que lo pudiera sustituir en las vistas señaladas, así como que apuntaló que

---

[17] Cabe destacar que, sobre esta orden, la parte peticionaria recurrió a través de una petición de *certiorari* que, mediante la *Resolución* emitida y notificada el 16 de septiembre de 2025 en el caso número TA2025CE00277, desestimamos por haberse presentado tardíamente.
[18] *Íd., Anejo II.*

consultar el caso con representante legal incidiría sobre los cánones de ética.

Con relación al descubrimiento de prueba y la eliminación de las alegaciones, indicó que, al exponer bajo juramento que no contaba con la información solicitada, la parte peticionaria cumplió con lo ordenado por el TPI con el propósito de finalizar la controversia. En ese sentido, esgrimió que la eliminación de las alegaciones constituía una sanción drástica e improcedente.

Ante ello, el 17 de diciembre de 2025, BPPR interpuso una *Oposición de Banco Popular de Puerto Rico a la "Solicitud de Reconsideración" de la Parte Demandante.*[19] En esencia, reiteró que la falta de diligencia de la parte peticionaria ameritaba la imposición de las sanciones. Asimismo, que las mismas no fueron impuestas en el vacío toda vez que el foro de instancia concedió múltiples oportunidades a la parte peticionaria para cumplir con lo ordenado. En adición, adujo que, con la mera presentación de la declaración jurada en la que reiteró lo planteado a través de su pasada representación legal, la parte peticionaria no cumplió con la orden del TPI respecto a la presentación de las contestaciones suplementarias juramentadas a la solicitud de descubrimiento de prueba.

Por su parte, el 22 de diciembre de 2025, MCLP presentó un *Escrito en Torno a Moción de Reconsideración.*[20] En síntesis, señaló que la parte peticionaria no cuestionó oportunamente la orden del foro *a quo* sobre el pago de la deuda que, ascendía a $28,344.00, por lo que dicha determinación era una final y firme. Además, adujo que, por causa de la desidia de la parte peticionaria, el presente caso ha permanecido más de doce (12) años sin que se haya realizado un

---

[19] *Íd.*, Entrada Núm. 3, *Apéndice Suplementario,* págs. 28-36.
[20] *Íd.*, págs. 37-38.

solo pago de lo adeudado, así como que el descubrimiento de prueba ha sido retrasado con el propósito de continuar el incumplimiento.

Trabado el asunto, el 21 de enero de 2026, el TPI emitió una *Resolución* en la que denegó la solicitud de reconsideración interpuesta por la parte peticionaria.[21]

Aún inconforme, el 21 de febrero de 2026, la parte peticionaria compareció ante nos mediante un recurso de *certiorari* y señaló al foro primario por la comisión del siguiente error:

> **ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA RECONSIDERACIÓN DE LA RESOLUCIÓN DEL 12 DE NOVIEMBRE DE 2025 Y NOTIFICADA EL 14 DE NOVIEMBRE DE 2025 EN DONDE SE ORDENÓ LO INDICADO EN LAS PÁGINAS 1 Y 2 DEL PRESENTE ESCRITO.**

Oportunamente, el 3 de marzo de 2026, MCLP compareció mediante una *Oposición a Expedición de Auto de Certiorari y Solicitud de Desestimación.*[22] En igual fecha, MAPFRE compareció a través de un *Memorando en Oposición a Expedición de Certiorari y Moción de Desestimación.*[23] Por su parte, el 6 de marzo de 2026, BPPR interpuso un escrito intitulado *Oposición a Que Se Expida Auto de Certiorari.*[24]

Así pues, con el beneficio de la comparecencia de todas las partes y del expediente ante nos, procedemos a disponer del recurso ante nuestra consideración no sin antes exponer el marco jurídico aplicable.

## II.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Es norma reiterada que una resolución u orden interlocutoria, contrario a una

---

[21] SUMAC TA, Entrada Núm. 1, *Apéndice, Anejo III.*
[22] *Íd.*, Entrada Núm. 3.
[23] *Íd.*, Entrada Núm. 5.
[24] *Íd.*, Entrada Núm. 6.

sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Íd.* A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846 (2023).

De conformidad con lo anterior, el examen que hace esta Curia previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez, supra*, pág. 428; *800 Ponce de León v. AIG, supra*, pág. 176.

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023).

> La referida regla dispone lo siguiente:
>
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 n. 15 (2005).

Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López, supra*, pág. 334.

Expuesta la normativa jurídica aplicable, procedemos a disponer del recurso instado ante nos.

### III.

En el presente caso, la parte peticionaria recurre del dictamen emitido por el TPI mediante el cual ordenó la eliminación de sendas alegaciones de su *Demanda Enmendada*, dio por admitidos sendos interrogatorios y requerimientos de admisiones, e impuso una sanción económica. La determinación del TPI, conforme ya vimos, a razón de varias incomparecencias de la representación legal de la parte peticionaria que el foro recurrido consideró injustificadas, así como por el incumplimiento del matrimonio Rivera-Rivera de las órdenes respecto al proceso de descubrimiento de prueba. Asimismo, el foro *a quo* ordenó la consignación de una suma adeudada de $28,344.00 dentro del término de cinco (5) días, de

conformidad con lo determinado por el referido foro el 14 de noviembre de 2023.

En primer lugar, respecto a la antedicha consignación del dinero, lo cierto es que ello fue objeto de consideración ante esta Curia, en el caso número TA2025CE00277.[25] En aquel recurso, el matrimonio Rivera-Rivera impugnó la determinación del TPI para que consignara la antedicha suma. No obstante, el 16 de septiembre de 2025, se emitió y notificó una *Resolución* mediante la cual se desestimó el recurso por haberse presentado tardíamente, habiéndosenos privado de jurisdicción sobre el mismo. En ese sentido, la determinación del foro *a quo* sobre ese aspecto, había advenido final y firme, de modo que constituye, indubitadamente, la ley del caso y no es susceptible de revisión.[26]

Por otro lado, respecto a la determinación del foro primario sobre la eliminación de las alegaciones y los pronunciamientos sobre el descubrimiento de prueba, así como la sanción económica impuesta, es harto sabido que los tribunales ostentan la facultad para escoger sanciones, ajustarlas a los hechos y a la causa de acción, e imponerlas contra aquellas partes que incumplen sus órdenes para hacer valer su jurisdicción y autoridad. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor Inc.*, 212 DPR 807, 818 (2023); *Pres. Cáms. Legs.*, 206 DPR 277, 288 (2021); *HRS Erase v. CMT*, 205 DPR 689, 699 (2020); *In re Collazo I*, 159 DPR 141, 150 (2003); R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 328.

De esa manera, la Regla 37.7 de Procedimiento Civil, *supra*, establece la facultad discrecional de los tribunales para imponer

---

[25] *Véase Rivera López et al. v. Banco Popular et al.*, Caso Núm. TA2025CE00277 (TA, 16 de septiembre de 2025).
[26] En tal sentido, es norma reiterada que los derechos y las obligaciones previamente adjudicados por un tribunal mediante un dictamen judicial que advino final y firme constituyen la ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020).

costas o sanciones económicas interlocutorias a las partes o a los abogados, cuando no se ha cumplido con las referidas reglas o con cualquier orden emitida. De igual manera, conforme a la Regla 34 (b) (3) de Procedimiento Civil, *supra*, el tribunal puede sancionar con la eliminación de alegaciones. Sin embargo, "[es] el castigo más severo para la parte que declina obedecer una orden para descubrir prueba. La imposición de estas sanciones, siempre se deben dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor Inc.*, *supra*, pág. 818 (cita depurada) (notas al calce omitidas).

Cónsono con todo lo anterior, tras un análisis sosegado de la totalidad del expediente, así como de los planteamientos de todas las partes, colegimos que el recurso ante nuestra consideración no mueve nuestra discreción a expedir el auto de *certiorari* solicitado e intervenir con la determinación del TPI.

En ese sentido, no se evidencia indicio o ápice alguno de que el foro de instancia hubiese actuado de forma arbitraria o caprichosa, abusado al ejercer su discreción, o cometido algún error manifiesto de derecho, de modo que se amerite nuestra facultad revisora discrecional conforme a los criterios establecidos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

## IV.

Por los fundamentos expuestos anteriormente, denegamos la expedición del auto discrecional de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones